JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Iyon Wade, Vincent Espinoza, and Paul Gammel, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>Defender Security Company, an Indiana Corporation, and Does 1 through 100,<br><br>　　　Defendants. | Case No.: 2:15-cv-7142 CAS-JC<br>CLASS ACTION<br><br>**REVISED [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Date:　　October 24, 2016<br>Time:　　10:00 a.m.<br>Crtrm:　　5<br>Judge:　　Hon. Christina A. Snyder |

　　　Based on the papers filed in Support of Final Approval of the Proposed Settlement, the Final Fairness Hearing, and good cause shown, and the Court expressly finding that there is no just reason for delay, IT IS HEREBY ORDERED:

1.　The Joint Stipulation of Class Action Settlement attached as Exhibit 1 to the Declaration of David Spivak in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF Docket No. 25-3), including the Exhibits ("Settlement Agreement") and preliminarily approved by this Court in its Order

1
**REVISED FINAL APPROVAL ORDER AND JUDGMENT**

dated May 23, 2016 (ECF Docket No. 28) and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons employed in California by any of the Released Parties as security technicians, including but not limited to ADT Security Technicians, Lead Security Technicians, Security Advisors and other comparable positions at any time during the period between January 1, 2012, up to and including the date the Court grants preliminary approval of the Settlement.

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among Plaintiffs, Class Counsel and Defendant.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by Defendant to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement

contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

9. The Court confirms the appointment of Plaintiffs: Keith Iyon Wade, Vincent Espinoza, and Paul Gammel. as Class Representatives;

10. The Court confirms the appointment of David Spivak of The Spivak Law Firm, Walter Haines of the United Employees Law Group, Peter R. Dion-Kindem of Peter R. Dion-Kindem, P.C., Lonnie C. Blanchard, III of The Blanchard Law Group, APC, and Daniel J. Yourist of the Yourist Law Corporation, APC as Class Counsel;

11. The Court approves Class Counsel's application for $700,000 in attorney's fees.

12. The Court approves Class Counsel's application for costs for a total of $13,166.88, which shall be paid as follows:
   a. $7,928.92 to the Spivak Law Firm;
   b. $47.50 to United Employees Law Group;
   c. $1,903.21 to Peter R. Dion-Kindem, P.C.;
   d. $1,836.97 to The Blanchard Law Group, APC; and
   e. $1,450.28 to the Yourist Law Corporation, APC.

13. The Court approves the Class Representative Enhancement Payments of $7,500 to each of the three Class Representatives: Keith Iyon Wade, Vincent Espinoza, and Paul Gammel.

14. The Court approves the payment of Settlement Administration Costs of $8,400 for Claims Administration to CPT Group, Inc.

15. The Court approves an award of $5,000 in civil penalties under the Labor Code Private Attorney General Act of 2004 (Labor Code § 2698 *et seq.*), of which $3,750

will be paid to the Labor and Workforce Development Agency ("LWDA") and $1,250 of which will be included in the Net Settlement Amount, as defined in the Settlement Agreement.

16. The Settlement Agreement is not an admission by Defendant or by any other released party, as defined in the Settlement Agreement. Nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party, as defined in the Settlement Agreement.  Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties, as defined in the Settlement Agreement.

17. Final Approval shall be with respect to: All persons employed in California by any of the Released Parties as security technicians, including but not limited to ADT Security Technicians, Lead Security Technicians, Security Advisors and other comparable positions at any time during the period between January 1, 2012, up to and including May 23, 2016 who had not opted out of the Settlement Agreement.

18. Defendant shall pay Class Members pursuant to the procedure described in the Settlement Agreement. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided by the Settlement Agreement.

19. The releases provided for in the Settlement Agreement shall be and are effective as of the Effective Date of the Settlement Agreement, as defined in the Settlement Agreement.

20. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties

and the Settlement Class.  The Clerk of the Court is directed to enter this Order on the docket forthwith.

Dated: __October 24, 2016

           */s/ Christina A. Snyder*
           ___
           Hon. Christina A. Synder
           United States District Judge